JAP:UAD

**M-10-1268**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

GREGORY LAWRY,

           Defendant.

- - - - - - - - - - - - - - - - -X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C.,
§§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

      RAY MARTINEZ, being duly sworn, deposes and says that he is a Detective with the Gun Enhancement Unit of the New York Police Department ("NYPD"), duly appointed according to law and acting as such.

      Upon information and belief, on or about September 25, 2010, within the Eastern District of New York, the defendant GREGORY LAWRY, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce firearms, to wit: a .25-caliber semi-automatic Armi Tanfoglic Giuseppe pistol and a 9mm semi-automatic Bryco Arms Jennings firearm and 12 rounds of 9mm ammunition.

      (Title 18, United States Code, Section 922(g)(1)).

The source of your deponent's information and the grounds for his belief are as follows[1]:

1. I have been a Detective with the Gun Enhancement Unit of the NYPD for approximately five years. My information in this case comes from reviews of records of the New York City Police Department, conversations with NYPD officers, and other official records of government agencies.

2. On or about September 25, 2010, at approximately 9:30 a.m., the NYPD received a call from an employee at Sweet Express Deli ("the Deli"), located at 412 Pulaski Street in Brooklyn, reporting a robbery. Upon the arrival of NYPD officers to the scene of the robbery, one of the complainants, an employee of the deli, stated that three young males entered the store, displayed a firearm and forcibly removed over $900 before fleeing. A second employee stated to the NYPD that he saw the young males enter an apartment building located at 383 Pulaski St. ("383 Pulaski"), which is located across the street from the deli.

3. Pursuant to an investigation, NYPD officers received information that the individuals who had committed the

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest GREGORY LAWRY as described in greater detail below, I have not set forth every fact learned during the course of this investigation.

2

robbery were in the apartment of an individual who could be found walking a grey pit bull outside of 383 Pulaski. NYPD officers approached the defendant GREGORY LAWRY, who was walking a grey pit bull outside of 383 Pulaski and questioned him. LAWRY stated to NYPD officers, in sum and substance, that he saw three males run from the deli, into 383 Pulaski and out the back of the building. LAWRY further stated that his girlfriend, his two daughters and his dog reside in apartment 11G of 383 Pulaski.

    4. NYPD officers went to apartment 11G of 383 Pulaski. A female identified as LAWRY's girlfriend and the tenant of 11G, gave the NYPD officers consent to search the apartment. Inside, NYPD officers found three young males who they identified as the individuals who robbed the deli as seen in surveillance video that the NYPD officers had reviewed.

    5. During a search of the apartment, NYPD officers found a .25-caliber semi-automatic Armi Tanfoglic Giuseppe pistol, a 9mm semi-automatic Bryco Arms Jennings firearm and 12 rounds of 9mm ammunition in a dresser drawer. The .25-caliber semi-automatic Armi Tanfoglic Giuseppe pistol was concealed in a zippered leather case. The 9mm semi-automatic Bryco Arms Jennings firearm was wrapped in a red bandana. The ammunition was found in a cloth bag. The dresser drawer also contained men's undergarments, and LAWRY stated that he sometimes stays at

the apartment and that the dresser was his. The NYPD officers also found on top of the dresser identification documents belonging to LAWRY.

6. LAWRY was arrested by the NYPD and released on bond pending criminal proceedings in New York State court.

7. I have reviewed criminal history records for LAWRY, which reveal that he has been convicted of at least four felonies punishable by a term of imprisonment of more than one year. These convictions include the following: Attempted Criminal Sale of a Controlled Substance in the Third Degree, a Class C Felony, on April 10, 1991, in Kings County Supreme Court; Attempted Criminal Sale of a Controlled Substance in the Third Degree, a Class C Felony, on March 10, 1997, in Schenectady County Court; Attempted Criminal Sale of a Controlled Substance in the Third Degree, a Class C Felony, on January 18, 2000, in Schenectady County Court; and Criminal Sale of a Controlled Substance in the Fifth Degree, a Class D Felony, on January 3, 2007, in Kings County Supreme Court.

8. I spoke with an interstate nexus expert with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") who informed me that the above-mentioned .25-caliber Armi Tanfoglic Giuseppe semi-automatic pistol and 9mm semi-automatic Bryco Arms Jennings firearm were manufactured outside the State of New York.

4

9. It is requested that this Complaint and accompanying arrest warrant be sealed by the Court until such time as the Court directs otherwise. Disclosure would jeopardize attempts to apprehend LAWRY in that it might alert him to the existence of a warrant for his arrest and likely lead to his flight.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant GREGORY LAWRY, so that he may be dealt with according to law.

Ray Martinez
Detective
Gun Enhancement Unit
NYPD

Sworn to before me this
27th day of October, 2010

E