

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LK:WDS
F.#2010R02206

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 13, 2011

By Hand and ECF

The Honorable Sterling Johnson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: United States v. Gregory Lawry
    Criminal Docket No. 10-898 (SJ)

Dear Judge Johnson:

  On March 7, 2011, the defendant Gregory Lawry pleaded guilty pursuant to a plea agreement to the sole count of the indictment in this case, charging that he knowingly and intentionally possessed a firearm after having been convicted of a felony, contrary to Title 18, United States Code, Section 922(g). The defendant is scheduled to be sentenced by Your Honor on September 14, 2011.

The Guidelines Range

  On May 23, 2011, the Probation Department issued a Presentence Investigation Report ("PSR"), which, as amended on June 30, July 29 and August 31, 2011, indicates that the defendant's total offense level is 25. Because the defendant falls into Criminal History Category IV, the defendant's Guidelines range is 84 to 105 months in custody. This range is consistent with the government's estimate as set forth in the plea agreement. The government concurs with the analysis set forth in the PSR and, pursuant to the plea agreement, takes no position as to where within the Guidelines range the sentence should fall.

The Defendant's Objections to the PSR

  By letter dated August 24, 2011, the defendant also concurs with the above Guidelines calculation, although the defendant objects to paragraph 11 of the PSR, which indicates that (1) on the morning of the armed robbery described in the

PSR, the defendant had an argument with one of the store employees who was later a victim of the robbery, and the defendant left the store in a threatening manner; and (2) prior to the time of the robbery, the defendant had shown one of the store employees and victims of the robbery one of the handguns that was later found in the defendant's dresser, namely, the Armi Guiseppe Tanfoglio handgun referenced in the indictment.[1] These facts do not affect the Guidelines calculation, although they may well be relevant to the Court's consideration of all of the Section 3553(a) factors in fashioning an appropriate sentence for the defendant. The government respectfully requests that the Court inquire of the defendant whether he desires to have a hearing on these facts. In the event the defendant requests a hearing, the government would request a brief adjournment of the sentencing in this matter.

The Section 3553(a) Factors

In addition to the Guidelines range, Section 3553(a) requires a court to consider a number of factors in imposing sentence, including (among others) the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1)); the need for the sentence to reflect the seriousness of the violation, to promote respect for the law and to provide a just punishment for the violation (§ 3553(a)(2)(A)); the need for the sentence to afford adequate deterrence to criminal conduct (§ 3553(a)(2)(B)); and to protect the public from further crimes or violations of the defendant (§ 3553(a)(2)(C)).

These factors weigh heavily in favor of a sentence within the recommended Guidelines range in this case. The circumstances of this offense strongly suggest that the defendant was supervising a group of juveniles in committing a violent armed robbery. Specifically, the defendant entered the store on the morning of the robbery and asked one of the victims to sell him loose cigarettes. When the store employee refused, the defendant became angry and left the store in a threatening manner. A short time later, three young men entered the store and committed a violent armed robbery, pistol whipping one of the victims. The surveillance video of the robbery also shows one of the robbers attempting to rack his firearm and fire it;

---

[1] To the extent the last sentence in paragraph 11 of the PSR can be read to suggest that it was the Bryco firearm that the defendant had previously attempted to sell the store employee, it is incorrect.

fortunately he mishandled the gun, and it did not fire. The three young men were then found hiding inside the apartment where the defendant stays with Mona Feaster, after the defendant had falsely stated to the investigating police officers that he had seen the robbers run through and exit that same building. Two guns were found in the defendant's dresser drawer, and a third gun was found stashed behind a television in the apartment.

The defendant's extensive criminal history, including multiple narcotics dealing offenses, also suggests that there is a particular need in this case for the sentence to deter and to protect the public from further crimes of the defendant. A sentence within the Guidelines range would be sufficient, but not greater than necessary, to do so.

Although the Court must of course consider the defendant's family circumstances, as detailed in the defendant's submission, the government respectfully submits that those circumstances, when weighed against the other Section 3553(a) factors, do not warrant a sentence below the recommended Guidelines range.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

By:     /s/
    David Sarratt
    Assistant U.S. Attorney
    (718) 254-6418

cc: Mildred Whalen, Esq.
    Michael Dorr, USPO